

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00032-CR
_____

**REGINALD DWAYNE MELTON, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the County Court at Law
Navarro County, Texas
Trial Court No. C34415-CR; Honorable Amanda Putman, Presiding

August 12, 2013

## ORDER

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Reginald Dwayne Melton, was convicted of the offense of possession of a controlled substance, penalty group one, under one gram, enhanced by a prior felony conviction, and was sentenced by a jury to fifteen years confinement and a fine of $15,000.[1] The trial court entered a judgment assessing a sentence of fifteen years

---

[1] *See* TEX. PENAL CODE ANN. §§ 12.42(a), 481.115(b) and 481.134(d) (WEST 2010 and WEST SUPP. 2012). Accordingly, the offense was punishable by confinement in the Texas Department of Criminal Justice for

confinement and a fine of $10,000. Appellant filed his brief on May 16, 2013. Among the issues raised by Appellant is the contention that the trial court erred by reforming the sentence contained in the jury's verdict. The State's reply brief was due on or before June 17, 2013.[2] TEX. R. APP. P. 38.6(b). The State has not favored us with a brief, nor has it requested additional time in which to do so.

While the Texas Rules of Appellate Procedure expressly guide us as to what to do if an appellant fails to file a brief, there is no corresponding rule to guide us when the State fails to file a brief. Several intermediate appellate courts, including this Court have held that when the State fails to file a brief, an appellate court should conduct an independent analysis of the merits of the appellant's claim of error, limited to the arguments raised at trial by the State. *See Little v. State*, 246 S.W.3d 391, 397-98 (Tex.App.—Amarillo 2008, no pet.). In this case, the State has heretofore argued that the jury charge at the punishment phase permitted the entry of a verdict not authorized by the law. While the rules of appellate procedure do not require the State to file a brief, under the unique circumstances of this case, we believe an appellate court may certainly order that a brief be filed.

Accordingly, the State is ordered to file a reply brief within thirty days of the date of this order.

Per Curiam

Campbell, J., concurring in result.

---

any term of not more than 20 years or less than 2 years and by a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (WEST 2011).

[2]Because the 30th day following the date Appellant's brief was filed was Saturday, June 15, the due date for the State's reply brief was extended to Monday, June 17. *See* TEX. R. APP. P. 4.1(a).